```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-22480-CIV-MORENO
                                    MAGISTRATE JUDGE P.A. WHITE
```

LEOPOLD JULMICE,                    :

    Plaintiff,                  :

v.                                  :      PRELIMINARY REPORT
                                           OF MAGISTRATE JUDGE
CHAPLAIN FRAZIER ARNOLD, ET AL.,    :

    Defendants.                 :
_____

## I. Introduction

On September 9, 2008, the plaintiff Leopold Julmice filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

    * * *

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff seeks to sue the Miami-Dade Pretrial Detention Center Chaplain, Frazier Arnold, and Counselor Supervisor Michael

Richardson. The plaintiff alleges that Arnold has denied him a Kosher diet in violation of the First Amendment and Richardson denied his right to due process by refusing to hear the appeal of the grievance concerning the denial of a Kosher diet. He seeks monetary damages.

### First Amendment Claim

The First Amendment, made applicable to the States through the Fourteenth Amendment, also "safeguards the free exercise of [one's] chosen form of religion." Cantwell v. State of Connecticut, 310 U.S. 296, 303 (1940). While prisoners retain First Amendment rights, including the First Amendment right of free exercise of religion, see Cruz v. Beto, supra, prison regulations or policies "alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (holding that the Turner v. Safley standard of review is applicable to claims that an inmate's free exercise rights have been violated). O'Lone continued the Court's admonition to give respect and deference to the judgment of prison administrators even in First Amendment challenges raised within the confines of prisons or jails. 482 U.S. at 350.[1]

---

[1] In City of Boerne v. Flores, 521 U.S. 507, the Court held that the Religious Freedom Restoration Act, (RFRA), 42 U.S.C. §2000bb, et seq., was unconstitutional as exceeding Congress's authority under the Constitution. That decision required returning to the standard of review employed in O'Lone v. Shabazz, supra. Subsequently, in September 2000, Congress attempted to reinstate RFRA's protection against government burdens on religious exercise imposed by states and localities by enacting the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc et seq. This statute mirrored the provisions of RFRA, but its scope was limited to laws and regulations concerning land use and institutionalized persons. See 42 U.S.C. § 2000cc-1(a). RLUIPA's enactment was premised on congressional findings similar to those

Under the Turner/O'Lone test, a governmental regulation or practice violates a prisoner's First Amendment right to freely exercise his religion if it is not reasonably related to a legitimate penological interest. Turner, 482 U.S. at 89; O'Lone, 482 U.S. at 349. Under the Free Exercise Clause of the First Amendment, an inmate must be accorded reasonable opportunity to practice his religion. What constitutes reasonable opportunity must be evaluated with reference to legitimate penological objectives such as rehabilitation, deterrence and security. Turner, supra; Mosier v. Maynard, 937 F.2d 1521 (10 Cir. 1991); McElyea v. Babbitt, 833 F.2d 196 (9 Cir. 1987).

In other words, the denial of a religious diet about which the plaintiff complains must target his religion alone or be intentional discrimination against members of this religion. So long as the restriction promotes a legitimate reason such as safety they do not run afoul of the constitution. At this point, there is no indication that the defendant had a legitimate reason for imposing the restriction.

---

made for RFRA, namely, that in the absence of federal legislation, prisoners, detainees, and institutionalized mental health patients faced substantial burdens in practicing their religious faiths. See Joint Statement of Senator Hatch and Senator Kennedy, 146 Cong. Rec. S7774-01 (daily ed. July 27, 2000). In passing RLUIPA, Congress sought to avoid City of Boerne's constitutional barrier by relying on its Spending and Commerce Clause powers, rather than on its remedial powers under section 5 of the Fourteenth Amendment as it had in RFRA. See 42 U.S.C. §2000cc-1(b)(1) (establishing that Section 3 of RLUIPA applies whenever the burden at issue "is imposed in a program or activity that receives Federal financial assistance"); 42 U.S.C. §2000cc- 1(b)(2) (establishing that section 3 of RLUIPA applies in cases in which "the substantial burden [on religion] affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes").

Accordingly, the denial of freedom of religion claim against Chaplain Arnold should proceed beyond the screening and the Rule 12(b)(6) hurdles, as the plaintiff has stated a claim for relief under the <u>Twombly</u> or any "heightened pleading" standard. The plaintiff has not specified whether he intended to sue the defendant in his individual or official capacity. A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

<u>Due Process Claim</u>

The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4 Cir. 1994), <u>cert. denied</u> 514 U.S. 1022 (1995); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8 Cir. 1993); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8 Cir. 1991); <u>Stewart v. Block</u>, 938 F.Supp. 582, 588 (C.D. Cal. 1996); <u>Brown v. Dodson</u>, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7 Cir. 1996); <u>Hoover v. Watson</u>, 886 F.Supp. 410, 418 (D. Del. 1995); <u>Brown v.</u>

6

Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.

It is therefore recommended that the claim against Richardson concerning failure to act on the plaintiff's appeal of his grievance be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### III.  Conclusion

Based on the foregoing, it is recommended that:

1)  the claims concerning failure to respond to the appeal against defendant Richardson and Richardson be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and

2)  the First Amendment claim against the defendant Arnold remain pending, in his individual capacity.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 23rd day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Leopold Julmice, <u>Pro Se</u>
    No. 05-0051700
    Dade County Jail
    1321 N.W. 13th Street
    Miami, FL 33125